UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIAM R. ABBOTT**          **REG. # 57819-083** | **:** | **DOCKET NO. 22-cv-01271**          **SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **LORETTA OTIS-SANDERS, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint [doc. 1] filed pursuant to *Bivens v. Six Unknown Named Agents,* 91 S.Ct. 1999 (1971), by plaintiff William R. Abbott, who is proceeding pro se and *in forma pauperis* in this matter. Abbott is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. He names Loretta Otis-Sanders, Shelley Power, Shelia Lyons, N. Patterson, the US Bureau of Prisons and Sekou Ma'at as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Plaintiff filed the instant civil rights suit on May 11, 2022, alleging that between March 2020 and November 2020, he complained to the defendants about the "illicit sexual behavior" of his cell mate, Elliot Duke, and sought a housing reassignment, to no avail. Doc. 1. Among other complaints, he alleges that Duke, a "transgender person" (*id.* at p. 16), stripped to underwear

exclusively to lounge without bedcovering in assigned bunk (*id*. at p. 17), stripped off shirt and bra to walk around for extended periods of time (*id*.) to examine chest for extended periods of time (*id*.), and to shave his chest and underarms (*id*. at 18). He filed grievances related to his complaints and the lack of response by the defendants but concedes that they were "untimely." *Id*. at p. 21.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Abbott has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege

facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988). A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g., Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993).

### C. *Limitations*

Plaintiff complains of actions that occurred between February 2020 and November 2020.

There is no federal statute of limitations for actions brought pursuant to §1983. Federal courts presiding over §1983 claims must borrow the statute of limitations provisions of the state in which the federal court sits. *See Owens v. Okure*, 109 S. Ct. 573, 574 (1989); *see also Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989). Plaintiff's §1983 claim is therefore governed by Louisiana's statute of limitations provisions, which is one year. *See Elzy*, 868 F.2d at 794. This prescriptive period "commences to run from the day injury or damage is sustained." La.Civ.Code 3492. "Although state law controls the statute of limitations for §1983 claims, federal law determines when a cause of action accrues." *Rodriguez*, 963 F.2d at 803 (citing *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991)). Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (citing *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987)). Plaintiff had one year from the date of the alleged harassment to file the instant suit, or by November 2021, at the latest, to file suit. He did not raise the claim until well over one year later, after the limitations period had passed.

The statute of limitations applicable to a *Bivens* action "is tolled while a prisoner fulfills 42 U.S.C. § 1997e's administrative exhaustion requirement." See *Starks v. Hollier*, 295 F. App'x 664,

665 (5th Cir. 2008) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001)); *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002) (holding that, because the PLRA requires a prisoner to exhaust his administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhausts the remedies). However, Abbott admits that his administrative remedies were not timely filed. Therefore, as he failed to properly exhaust his administrative remedies, his complaint is time-barred.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

Case 2:22-cv-01271-JDC-KK Document 10 Filed 06/17/22 Page 5 of 5 PageID #: 163